IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30039 |
| ) | |
| EDWARD MASSEY, ) | |
| ) | |
| Defendant. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Edward Massey's Motion to Reduce Sentence and Order Compassionate Release Pursuant to Title 3582(c)(1)(A) ("Motion for Compassionate Release") (d/e 38), requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, Defendant's motion is DENIED.

I. BACKGROUND

On June 11, 2018, Defendant was sentenced to 96 months' imprisonment and 8 years of supervised release for the offense of distribution of 28 grams or more of cocaine base.  Judgment, d/e 35.  According to Defendant's motion, Defendant is currently

serving his sentence at FCI Terre Haute in Terre Haute, Indiana, and his projected release date is May 17, 2024. Mot. for Compassionate Release 1.

In his Motion for Compassionate Release, Defendant requests a reduction in sentence due to the COVID-19 pandemic and his health issues and also so that Defendant can provide care for his father, who has suffered two strokes and requires assistance with the tasks of everyday living. Id. at 7-8. According to Defendant's motion, Defendant is 30 years old and diabetic. Id. at 1-2. Defendant claims that, in July 2020, he sent an email to the warden of his facility to request compassionate release. Id. at 6. According to the motion, the warden denied this request on July 9, 2020. Id. In the United States' Response Opposing Defendant's Motion for Compassionate Release, the Government states that "according to information obtained from the [Bureau of Prisons], the defendant has not filed for compassionate release." Resp. 3, d/e 42. The Government therefore argues that Defendant has failed to fulfill § 3582(c)(1)(A)'s exhaustion requirement. Id. at 2-3.

If released from custody, Defendant proposes to live with his mother, father, and brother in Springfield, Illinois. Id. at 8. On

March 1, 2021, the U.S. Probation Office filed a Memorandum (d/e 41) concluding that Defendant's proposed release plan is suitable. Mem. 2.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the Bureau of Prisons (BOP) filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was

received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Government has timely objected to Defendant's compassionate release request on the grounds that Defendant has failed to exhaust his administrative remedies.  See Resp. 2-3.  The Government argues that Defendant's request to the warden of FCI Terre Haute attached to Defendant's motion is not sufficient to show that Defendant has met his burden on the issue of exhaustion.  Id. at 3.  Thus, before the Court can consider the

extraordinary and compelling reasons for release advanced by Defendant, or the application of the 18 U.S.C. § 3553(a) factors, the Court must decide the threshold issue of whether Defendant has satisfied the statutory exhaustion requirement. Cf. United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020) (classifying exhaustion requirement as "affirmative defense" rather than jurisdictional requirement).

### A. Defendant Has Not Satisfied the Exhaustion Requirement in 18 U.S.C. § 3582(c)(1)(A).

One purpose of the exhaustion requirement is to ensure that the Bureau of Prisons has an opportunity to "articulate [its] decision and rationale" vis-à-vis a particular request for compassionate release, thus giving the district court the benefit of BOP's input. Gunn, 980 F.3d at 1180. The Seventh Circuit has made it clear that district courts are "expect[ed] . . . to give [BOP]'s analysis substantial weight." Id.

While Defendant's motion argues that the email attached to the motion constitutes a request for compassionate release to the warden of his facility, the email itself refers to both compassionate release and early release to home confinement, as does Defendant's

motion. In the email, Defendant wrote that he was "requesting to be considered for home confinement." Mot. for Compassionate Release, Ex. 1. Several lines later, the email refers to a "motion for compassionate release" before again returning to a request for consideration for release to home confinement. Id. As this Court has previously held, a request to the warden of a facility for early release under the CARES Act does not satisfy the exhaustion requirement for compassionate release under 18 U.S.C. Section 3582(c)(1)(A). See United States v. Collins, 2021 WL 238859, at *2-4 (Jan. 25, 2021); United States v. Kirkham, 2021 WL 238860, at *3-4 (Jan. 25, 2021).

The CARES Act expanded the powers of the Attorney General and the Director of the Bureau of Prisons—not the courts—to expand placement in home confinement. See Pub. L. No. 116-136, 134 Stat. 516 (CARES Act § 12003(b)(2)). A release to home confinement under the CARES Act only changes the location where a defendant serves a term of imprisonment from a BOP facility to the defendant's residence. A defendant released to home confinement in this manner continues to serve a custodial sentence and continues to remain in the custody of BOP. The Bureau of

Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement. See 18 U.S.C. §§ 3621(b), 3624(c)(2).  Compassionate release on the other hand allows a court to "reduce the term of imprisonment" to time served, resulting in the release of a defendant from BOP custody.  See 18 U.S.C. § 3582(c)(1)(A).   The Seventh Circuit has recently addressed the distinction between early release to home confinement and compassionate release, noting that the CARES Act does not give the courts any role in the Bureau of Prison's determination of suitable candidates for release to home confinement.  United States v. Williams, 829 F. App'x 138, 139 (7th Cir. 2020).

    Here, Defendant sent an email to the warden of his facility that mentioned both home confinement and compassionate release. According to Defendant's Motion for Compassionate Release, the request was denied by the warden because Defendant had not completed fifty percent of his sentence.  Mot. for Compassionate Release 6, Ex. 1.  Defendant's motion also argues both that Defendant should be granted compassionate release and that

Defendant meets the Attorney General's eligibility requirements for early release to home confinement.

A request for early release to home confinement under the CARES Act is guided by two memoranda issued by then Attorney General William Barr on March 26, 2020, and April 3, 2020.  See Am. Mot. Compassionate Release 4.  In the March 26, 2020, memorandum, the Attorney General directed BOP to "consider the totality of circumstances for each individual inmate, the statutory requirements for home confinement" and a "non-exhaustive list of discretionary factors" when evaluating a request for early release to home confinement.  See Barr Memo, "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic," Mar. 26, 2020, available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf.  Among the discretionary factors to be considered are the age and vulnerability of an inmate to COVID-19, the security level of the facility currently housing the inmate, the inmate's conduct while in custody, the inmate's PATTERN score, the suitability of the inmate's release plan, the inmate's crime of conviction, and an

assessment of the danger posed to the community by the inmate. Id.

The stated reason for the warden's denial of Defendant's request—that Defendant has served less than fifty percent of his sentence—relates to the eligibility criteria for early release to home confinement, not to eligibility for compassionate release, for which there is no such sentence completion requirement. Moreover, the email attached to Defendant's motion is not addressed to anyone, so the Court cannot determine if the request was directed to the warden of Defendant's facility, and the email is not dated, so the Court cannot determine if thirty days have passed from the time Defendant submitted the request. See 18 U.S.C. § 3582(c)(1)(A). The Court also notes that Defendant's email only addresses his father's medical issues and does not mention that Defendant suffers from any medical conditions. For that reason, the Court also cannot conclude that the request submitted to the warden is substantially similar to the request submitted to the Court. See United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) (holding that "in order properly to exhaust, an inmate is required to

present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court").

The Government represents that the Bureau of Prisons has no record of a request for compassionate release by Defendant and has timely objected to Defendant's motion by raising the issue of exhaustion.  See Resp. 2-3.  Defendant's email attached to his motion, without more, does not provide the Court with enough information from which to conclude that Defendant has satisfied the exhaustion requirement in the compassionate release statute.  For these reasons, the Court finds that Defendant has not exhausted his administrative remedies by first submitting his request to the Bureau of Prisons.

**B. Even if the Court Were to Consider Defendant's Motion for Compassionate Release on the Merits, the Court Would Deny the Motion.**

Even if the Court were to consider the merits of Defendant's Motion for Compassionate Release, the Court would deny the motion because Defendant has not established that extraordinary and compelling circumstances warranting a reduction in his sentence exist.  Defendant's motion claims that Defendant has been diagnosed with diabetes, which the Centers for Disease Control and

Prevention recognizes as increasing the risks of COVID-19.[1]  The BOP medical records, d/e 40, provided to the Court by the Probation Office, however, do not reflect a diabetes diagnosis.  See BOP Medical Records at Page ID 41 (health screening form dated February 7, 2020 noting history of diabetes as "denied") and id. at Page ID 6 (noting only substance abuse and dental conditions as current health problems); but see BOP Inmate Education Data Transcript, d/e 40 at Page ID 94 (reflecting that Defendant completed a course titled "Living with Diabetes").  As noted previously, Defendant's email to the warden of his facility also does not mention diabetes or any other medical condition with which Defendant has been diagnosed.  See Mot. for Compassionate Release, Ex. 1.

Additionally, Defendant tested positive for COVID-19 on November 19, 2020 and remained asymptomatic throughout the duration of the illness.  See BOP Clinical Encounter Note dated Dec.

---

1 See Centers for Disease Control and Prevention, COVID-19 – People at Increased Risk – People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#diabetes (last accessed March 4, 2021).

7, 2020, d/e 40 at Page ID 31 (stating Defendant "[d]enies all signs and symptoms of COVID"). And again, the BOP medical records before the Court do not substantiate Defendant's claimed lingering effects of that COVID-19 infection. See id. While this Court has previously recognized the risk that COVID-19 reinfection may pose for some inmates, Defendant appears to have no medical conditions that may increase the risks of reinfection, and, based on the record before the Court, he also appears to have suffered no residual effects from the initial infection.

Finally, the Court finds that Defendant's request for compassionate release so that he can provide care for his father does not constitute an extraordinary and compelling reason warranting a reduction in his sentence. Defendant's motion claims that Defendant's mother and brother work during the day and are not available to care for Defendant's father and that therefore Defendant "would be the only one available to be able to provide the care" that Defendant's father requires. Mot. for Compassionate Release 8. Probation's Memorandum, however, indicates that Defendant's brother is currently unemployed. Mem. 2. While the Court is sympathetic to Defendant's father's health struggles,

Defendant has not established that he is the only available caregiver for his father.

### III. CONCLUSION

Because Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), Defendant Edward Massey's Motion to Reduce Sentence and Order Compassionate Release Pursuant to Title 3582(c)(1)(A) (d/e 38) is DENIED.

ENTER: March 9, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE